CASE NO.: 22-16440

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

KIRSTIN BLAISE LOBATO,

    Plaintiff-Appellee,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; THOMAS THOWSEN; AND JAMES LAROCHELLE,

    Defendants-Appellants.

Appeal from the United States District Court
District of Nevada, Las Vegas
Case No.: 2:20-cv-01273-RFB-EJY

**DEFENDANTS-APPELLANTS' SUPPLEMENTAL BRIEF**

Marquis Aurbach
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
  *Attorneys for Defendants-Appellants, Las Vegas Metropolitan Police Department, Thomas Thowsen, and James LaRochelle*

MAC:14687-221 5196031_2.docx

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................1

II. LEGAL ARGUMENT..........................................................................1

    A. *O'DOAN V. SANFORD*.............................................................1

    B. *O'DOAN* IMPACT ON LOBATO'S CLAIMS..................................2

III. CONCLUSION....................................................................................5

# TABLE OF AUTHORITIES

## CASES

*Black v. Montgomery*,
   835 F.3d 358 (3d Cir. 2016)..................................................................................2

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) ............................................................... 1, 2, 4, 5

*Gausvik v. Perez*,
   345 F.3d 813 (9th Cir. 2003)................................................................................5

*McSherry v. City of Long Beach*,
   584 F.3d 1129 (9th Cir. 2009) .............................................................................3

*O'Doan v. Sanford*,
   991 F.3d 1027 (9th Cir. 2021) ............................................................ 1, 2, 3, 4, 5

*Richards v. Cnty. of San Bernardino*,
   39 F.4th 562 (9th Cir. 2022) ................................................................................2

*Spencer v. Peters*,
   857 F.3d 789 (9th Cir. 2017)................................................................................2

## STATUTES

42 U.S.C. § 1983 .....................................................................................................1

## I. INTRODUCTION

On August 17, 2023, this Court ordered supplemental briefing in this matter to address the impact, if any, of *O'Doan v. Sanford*, 991 F.3d 1027 (9th Cir. 2021). As discussed below, *O'Doan* confirms that the district court erred in denying the Detectives qualified immunity on Lobato's 42 U.S.C. § 1983 fabrication of evidence claims.

## II. LEGAL ARGUMENT

### A. *O'DOAN V. SANFORD.*

In *O'Doan,* police officers arrested O'Doan for resisting a public officer and indecent exposure after he was found naked and acting erratically on a busy street. 991 F.3d at 1035. The officers received information from O'Doan, other witnesses, and medical professionals that O'Doan's illegal acts might be the result of him suffering a grand mal seizure. *Id.* at 1033-35. The officers arrested O'Doan for resisting a public officer and indecent exposure and omitted any reference to the alleged seizure, only noting O'Doan was "evaluated for his injuries and other health issues." *Id.* After the criminal charges were dismissed, O'Doan sued the arresting officers. Relevant to Lobato's case, O'Doan, relying on *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001), claimed his due process rights were violated because the officers "did not discuss O'Doan's reported seizure in their police report and affidavit supporting probable cause." *Id.* at 1045.

A Panel of this Circuit affirmed the district court's granting of summary judgment to the officers. With respect to O'Doan's fabrication of evidence claim, the Panel reaffirmed *Devereaux*'s "stringent" test that a valid deliberate fabrication claim requires "at a minimum" evidence that the officers (1) continued their investigation despite knowing the plaintiff was innocent or (2) used investigative techniques so coercive and abusive that they knew their tactics would likely lead to false information. *O'Doan*, 991 F.3d at 1045; *see also, Richards v. Cnty. of San Bernardino*, 39 F.4th 562, 573 (9th Cir. 2022) (the crux of a deliberate fabrication of evidence claim is the denial of the right to fair trial); *see also Black v. Montgomery*, 835 F.3d 358, 372 (3d Cir. 2016) (the alleged fabrication "was so significant it could have affected the outcome of the criminal case") (cited favorably in *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017)).

### B. *O'DOAN* IMPACT ON LOBATO'S CLAIMS.

First, Lobato has already conceded that her coercive and abusive tactics allegations are untenable as a matter of law as she abandoned this claim at the summary judgment stage. *See* 2-ER-116, n.7; 1-ER-007. Therefore, the only remaining issue is whether Lobato has generated any evidence that the Detectives continued their investigation despite knowing that Lobato was innocent.

Like O'Doan, Lobato alleges the Detectives deliberately fabricated evidence by omitting or mischaracterizing statements made during her interview. She claims

the Detectives omitted from their reports her statements regarding the timing of her attack and size of her attacker and mischaracterized her statements regarding the location of her attack and the injuries she inflicted on her attacker.

**The timing issue.** Lobato complains the Detectives' reports do not include her statement that her attack occurred "over a month ago." Lobato initially agreed her attack occurred "a couple of weeks ago" but at the end of her interview told the Detectives it occurred "over a month ago." The Detectives did not include either representation in their reports. The same thing happened in *O'Doan* where the reporting officer did not mention O'Doan's claim of seizure and "likewise did not mention [the officer's] skepticism" regarding the claim. 991 F.3d at 1045. The *O'Doan* Court allowed the omission, and it found no law "suggest[ing] the officers were required to provide more detail to avoid violating the Constitution." *Id.*

**The location issue.** Lobato told the Detectives her attack occurred at a location across town from the Bailey murder. Both reports expressly acknowledge the exculpatory statement. Lobato complains the Detectives shaded her statement by writing she appeared "unsure" about the location. Evidence supported the Detectives' characterization, and there is nothing unconstitutional about an investigator including his own opinions. *See McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009) ("police officers 'must be given some latitude in determining when to credit witnesses' denials and when to discount them, and we

are not aware of any federal law . . . that indicates precisely where the line must be drawn'") (quoting *Devereaux*, 263 F.3d at 1075). In *O'Doan*, the reporting officer was suspicious of O'Doan's seizure claim and, therefore, completely ignored it in his report. *O'Doan*, 991 F.3d at 1045-46. Further, if trained investigators can be sued for expressing subjective opinions, they will "find themselves on trial for nearly every police report they draft." *Id.* at 1046.

**The size of Lobato's attacker.** It is undisputed the Detectives omitted from their reports Lobato's statements that her attacker "seemed really big" and "like a giant." According to *O'Doan*, "[d]eliberate fabrication . . . must mean something more than mere omission." *O'Doan*, 991 F.3d at 1045 (citing *Devereaux*, 263 F.3d at 1079). Lobato provides no evidence that the Detectives omitted these subjective opinions to frame Lobato or deny her a fair trial.

**The injuries Lobato admitted to inflicting.** Lobato told the Detectives "I was trying to cut [the attacker's penis] off but I don't know if I actually did." 11-ER-2505. The Officer's Report represented that Lobato affirmatively severed her attacker's penis. Although inaccurate, the representation was supported by credible evidence from other sources. Several witnesses claimed Lobato had bragged of severing her attacker's penis. Thus, at most, the mischaracterization is evidence of inaccuracy or carelessness. *See O'Doan*, 991 F.3d at 1046 ("[i]f such a minor discrepancy qualified as a "clear sign" of "intentional fabrication" . . . law

enforcement officers would find themselves on trial for nearly every police report they draft."); *see also, Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003) (mere carelessness or inaccuracy insufficient to support a fabrication of evidence claim); *Devereaux*, 263 F.3d at 1077 (evidence of negligent inaccuracy on the part of investigators alone is insufficient to prove fabrication of evidence claim).

Finally, none of the alleged fabricated evidence denied Lobato the right to a fair trial as all of Lobato's current allegations were explored, and rejected, at both criminal trials.

### III.  CONCLUSION

In sum, *O'Doan* establishes both that the Detectives did not violate Lobato's constitutional rights and that there is no clearly established law supporting Lobato's fabrication of evidence claims.

Dated this 31st day of August, 2023.

                        MARQUIS AURBACH

                        By /s/ Craig R. Anderson
                            Craig R. Anderson, Esq. (SBN 6882)
                            10001 Park Run Drive
                            Las Vegas, Nevada  89145
                            *Attorneys for Defendants-Appellants, Las Vegas Metropolitan Police Department, Thomas Thowsen, and James LaRochelle*

# CERTIFICATE OF COMPLIANCE

I certify that *(check appropriate option(s))*:

1. ☒ *This brief complies with the page limitation of this Court's August 17, 2023 order for supplemental briefing:*

    ☒ this brief contains no more than 5 pages.

2. *This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:*

    ☒ this brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14-point font, or

    ☐ this brief has been prepared in a monospaced spaced typeface using Microsoft Word, _____ font with _____ characters per inch.

Dated this 31st day of August, 2023.

MARQUIS AURBACH

By /s/ Craig R. Anderson
　Craig R. Anderson, Esq.
　Nevada Bar No. 6882
　10001 Park Run Drive
　Las Vegas, Nevada 89145
　*Attorneys for Defendants-Appellants, Las Vegas Metropolitan Police Department, Thomas Thowsen, and James LaRochelle*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS-APPELLANTS' SUPPLEMENTAL BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on the 31st day of August, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

/s/ Leah Dell
An employee of Marquis Aurbach