No. 22-16440

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KIRSTIN BLAISE LOBATO,

*Plaintiff-Appellee,*

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT; THOMAS THOWSEN; AND JAMES LAROCHELLE,

*Defendants-Appellants.*

Appeal from the United States District Court
for the District of Nevada, Las Vegas
No. 2:19-CV-01273-RFB-EJY

# SUPPLEMENTAL BRIEF OF APPELLEE KIRSTIN BLAISE LOBATO

David B. Owens
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen St.
Chicago, IL 60607
O: 312.243.5900
david@loevy.com
megan@loevy.com

Elizabeth Wang
LOEVY & LOEVY
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
elizabethw@loevy.com

Counsel for Plaintiff-Appellee Kirstin Blaise Lobato

# TABLE OF CONTENTS

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

# TABLE OF AUTHORITIES

**Cases**

*Benavidez v. Cnty. of San Diego*, 993 F.3d 1134 (9th Cir. 2021)........... 3

*Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011) ............ 3

*CarePartners, LLC v. Lashway*, 545 F.3d 867 (9th Cir. 2008)............ 1

*Costanich v. Dep't of Social & Health Servs.*,
627 F.3d 1101 (9th Cir. 2010) ................................... 2

*Estate of Anderson v. Marsh*, 985 F.3d 726 (9th Cir. 2021) ............. 1

*Franks v. Delaware*, 438 U.S. 154 (1978) ............................ 4

*George v. Martin*, 736 F.3d 829 (9th Cir. 2013)....................... 1

*Kando v. City of Long Beach*, 2023 WL 3092304 (9th Cir. Apr. 26, 2023) .. 3

*KRL v. Moore*, 384 F.3d 1105 (9th Cir. 2004) ......................... 3

*Liston v. Cnty. of Riverside*, 120 F.3d 965 (9th Cir. 1997)............... 3

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ............................ 1

*Morse v. Fusto*, 804 F.3d 538 (2d Cir. 2015).......................... 4

*O'Doan v. Sanford*, 991 F.3d 1026 (9th Cir. 2021) ................ passim

*Spencer v. Peters*, 857 F.3d 789 (9th Cir. 2017)....................... 2

*United States v. DeLeon*, 979 F.2d 761 (9th Cir. 1992) ................ 3

*United States v. Stanert*, 762 F.3d 775 (9th Cir. 1985) ................ 4

# ARGUMENT

For at least four reasons, *O'Doan v. Sanford*, 991 F.3d 1027 (9th Cir. 2021), is inapposite. First, *O'Doan* was an appeal from the grant of summary judgment, not an interlocutory appeal of limited jurisdiction. *See Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985); *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021). Unlike an appeal following a grant of summary judgment where the Court can independently assess the evidence, here, the District Court's factual findings cannot be challenged. *George v. Martin*, 736 F.3d 829, 835 n.9 (9th Cir. 2013); *CarePartners, LLC v. Lashway*, 545 F.3d 867, 875 (9th Cir. 2008).

Second, the facts and core claims are materially distinct in the two cases. In *O'Doan*, the police encountered when he was running naked down a street as part of an epileptic episode (following a seizure the officers did not see), and O'Doan resisted by raising his fists at the officers after firefighters could not grasp him. 991 F.3d at 1033. The core contention in *O'Doan* was that the officers should have known the plaintiff was having a mental health episode (following the seizure the officers did not see), and so should not have arrested him or thrown him to the ground when he resisted. O'Doan was in jail one day, charged

1

with indecency and resisting arrest, and bonded out the next morning. The charges were dismissed a few months later. *Id.* at 1033, 1035. O'Doan's claims for false arrest and excessive force failed, particularly given that the officers saw O'Doan naked in the street, and he resisted. That was the bulk of the appeal and drove the entire analysis. Lobato presents neither false arrest nor excessive force claims.

Third, as to the fabrication of evidence claim, the facts in these two cases are drastically different. Fabrication can be proven with both direct and circumstantial evidence. *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017); *Costanich v. Dep't of Social & Health Servs.*, 627 F.3d 1101, 1112 (9th Cir. 2010). Lobato has evidence of direct fabrication, including police reports written by Defendants including statements that were "never made." *Costanich*, 627 F.3d at 1112; *see* Answering Br. at 38-41. There was no such evidence of direct fabrication in *O'Doan*.

Additionally, the asserted fabrication in *O'Doan* was that the officers merely failed to include in their documents that O'Doan had a seizure before they arrived, though they had written he may need treatment for health issues. *O'Doan*, 991 F.3d at 1045-46. There was also other evidence of the seizure, such as the 911 call. The claim failed

2

because fabrication "must mean something than mere omission." *Id.* This case does not involve one single act of "mere omission."

"[M]ere omission" would, in and of itself, be insufficient to state a fabrication claim. Indeed, trivial omissions—*i.e.*, those that are not *material*—do not constitute fabrication. *E.g.*, *Kando v. City of Long Beach,* 2023 WL 3092304, at *2 (9th Cir. Apr. 26, 2023). However, under clearly established law, *material* omissions that make documents misleading or inaccurate are actionable as forms of fabrication. *See, e.g.*, *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1147 (9th Cir. 2021) (recognizing § 1983 claims based upon "'false statements or omissions *material* to the finding of probable cause,'" and emphasizing a prior holding "that an omission of a fact necessary to establish probable cause presented a triable issue of material facts about whether that omission 'amounted to at least reckless disregard for the truth.'") (quoting *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004), and *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1088 (9th Cir. 2011)); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997) (fabrication can be established either through "material false statements or material omissions"); *United States v. DeLeon*, 979 F.2d 761, 763 (9th Cir. 1992)

3

(discussing the material omissions that result in a warrant being falsified under *Franks v. Delaware*, 438 U.S. 154 (1978)); *cf. United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) ("reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw" and undermine a determination of probable cause); *Morse v. Fusto*, 804 F.3d 538, 548 (2d Cir. 2015) (falsity occurs where "material omissions render an otherwise true statement false.").

The evidence here would allow a reasonable jury to conclude that the officers wrote numerous false reports and statements in support of their knowingly (false) assertion that her description of surviving an unrelated sexual assault was actually a confession to a heinous murder—a crime that Plaintiff had absolutely no involvement in. In addition to evidence that Defendants reported statements that were "never made," there is extensive evidence of fabrication via mischaracterization and *material* omission entirely unlike the single immaterial omission in *O'Doan*. *See, e.g.*, Answering Br. at 41-47. To that end, the District Court made (unchallengeable) findings that a reasonable jury could find the misrepresentations and omissions *were material* in five ways:

4

1. Defendants mischaracterized Plaintiff's statements regarding the date of her attack, 1-ER-13-14;

2. The *material* omission of Plaintiff's statement about when she was attacked, combined with the detective's shading of her attack as having been "recent" and inclusion of the detail that she returned to Panaca on July 13th "sometime after the incident," constituted deliberate mischaracterization by the detectives of Plaintiff's statement, 1-ER-14;

3. Defendants intentionally omitted crucial information from their reports regarding Plaintiff's description of the identity of her assailant. Plaintiff told the detective that her attacker was a "giant" and "really big" compared to her. 1-ER-15. "*A reasonable jury could conclude that these details were omitted because they call into question whether Plaintiff's attacker was Bailey, given that Bailey was five foot ten inches tall and 133 pounds at the time of death*," *id.* (emphasis added);

4. "[D]etectives mischaracterized other key aspects pertaining to the identity of Plaintiff's attacker. … [meaning] "it could be reasonably inferred that Defendants intentionally misrepresented or omitted key identifying features which would have distinguished the two incidents," 1-ER-15-16; and

5. "Defendants purposefully mischaracterized Plaintiff's statements regarding the actions she took to ward off her assailant," 1-ER-16.

In short, the "totality of the many alleged fabrications, mischaracterizations and discrepancies between Plaintiff's account and the officers' reports provides substantial circumstantial evidence from which a reasonable jury could conclude that Defendants fabricated evidence." 1-ER-17. Such evidence of material, direct fabrication was not present in *O'Doan*. *O'Doan* is inapplicable here.

5

# CERTIFICATE OF COMPLIANCE

I am the attorney or self-represented party.

This brief is no more than five pages, excluding the items exempted by FRAP 32(f), as ordered by the Court. The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the page limit of five pages.
[ ] is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.
[ ] is an amicus brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).
[ ] is for a death penalty case and complies with the word limit of Cir. R. 32-4.
[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.
[ ] complies with the length limit designated by court order dated _____.
[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

                                                s/ Elizabeth Wang
                                                Counsel of Record for Plaintiff-Appellee Kirstin Blaise Lobato

# CERTIFICATE OF SERVICE

     I hereby certify that on August 31, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will electronically send notice to all counsel of record.

s/ Elizabeth Wang
Counsel of Record for Plaintiff-
Appellee Kirstin Blaise Lobato
